NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE SANTOS HERRERA REYNA, AKA Jose Santos Herrera, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 17-71221 <br><br> Agency No. A205-714-128 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2025**
Pasadena, California

Before: WARDLAW, BERZON, and MILLER, Circuit Judges.

Jose Santos Herrera Reyna, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") dismissing an

appeal of an order of an Immigration Judge ("IJ") denying his applications for

withholding of removal and for relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citation omitted). We review the agency's factual findings for substantial evidence and must uphold them unless the evidence compels a contrary conclusion. *Id.* at 1028. We deny the petition.

1.     Substantial evidence supports the IJ's determination, adopted by the BIA, that Herrera did not establish that he has "suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (citation and internal quotation marks omitted). Herrera admits that he has not "suffered any direct physical harm," but argues that he suffered "psychological harm . . . [from] being a police officer" and from "gang recruitments." However, as the IJ explained, Herrera was "able to avoid any violence or threats simply by giving [the gangs] a non-responsive answer" when asked to join. We agree with the IJ's conclusion, adopted by the BIA, that Herrera's experiences do not rise to such an "extreme" level as to constitute persecution. *Sharma*, 9 F.4th at 1060; *see Duran-*

*Rodriguez*, 918 F.3d at 1028 ("[T]hreats alone, particularly anonymous or vague ones, rarely constitute persecution.").

2. Moreover, assuming that Herrera established membership in a valid particular social group ("PSG"), "former police officers," the record does not compel the conclusion that Herrera was persecuted on account of his membership in that PSG. "When evaluating whether a petitioner has been persecuted 'on account of' a protected ground, we examine the persecutor's motive, not the victim's perspective." *Kaur v. Wilkinson*, 986 F.3d 1216, 1226 (9th Cir. 2021). While a petitioner need not "provide direct proof of his persecutor's motives," he "must provide *some* evidence of it." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Herrera did not provide any evidence that gangs approached him because he was a former police officer, and Herrera's speculation about the gang members' motives, without more, "does not *compel* the conclusion that [he] was persecuted on account of" being a former police officer. *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (emphasis added).

3. Substantial evidence supports the BIA's denial of Herrera's CAT claim. Those seeking CAT relief must show that it is more likely than not that they will be tortured by or with the acquiescence of a public official in their native country. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017). Torture is "any act by which severe pain or suffering, whether physical or mental,

3

is intentionally inflicted on a person." *De Leon v. Garland*, 51 F.4th 992, 1004 (9th Cir. 2022) (citation omitted). Herrera never suffered physical harm from gang members, and the fact that Herrera fears crime and gang activity in Mexico is insufficient to demonstrate that he faces a "particularized, ongoing risk of future torture." *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022). Moreover, Herrera does not suggest that public officials knew about his gang recruitment, much less that they acquiesced to it. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006).

**PETITION DENIED.**[1]

---

[1] The stay of removal will dissolve upon the issuance of the mandate. The motion for stay of removal, Dkt. 35, is otherwise denied.